UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DIAPOLIS SMITH,

          Petitioner,

v.                                                                    Case No. 1:03-CV-87

MARY BERGHUIS,                                          HON. GORDON J. QUIST

          Respondent.
_____/

## OPINION REGARDING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to the Report and Recommendation dated October 28, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised twelve issues in his habeas petition. In a lengthy report and recommendation, the magistrate judge concluded that some issues were procedurally defaulted and, therefore, not subject to federal habeas review and that the remaining issues were without merit. Petitioner contends that the magistrate judge's conclusions with regard to all twelve issues were erroneous. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

## Discussion

### I.       Jury Underrepresentation

The magistrate judge concluded that the Michigan Supreme Court's decision regarding Petitioner's claim that his right to a jury drawn from a "fair cross section" of the community guaranteed by the Sixth and Fourteenth Amendments did not constitute an unreasonable application of the United States Supreme Court's decision in Duren v. Missouri, 439 U.S. 357, 99 S. Ct. 664

(1979).  Under <u>Duren</u>, a defendant may establish a prima facie violation of the fair cross section

requirement by showing:

> (1) that the group alleged to be excluded is a 'distinctive' group in the community;
> (2) that the representation of this group in venires from which juries are selected is
> not fair and reasonable in relation to the number of such persons in the community;
> and (3) that this underrepresentation is due to systematic exclusion of the group in
> the jury selection process.

<u>Id.</u> at 364, 99 S. Ct. at 668.  The Michigan Supreme Court concluded that Petitioner met the first

prong and it gave Petitioner the benefit of the doubt on the second prong (unfair and unreasonable

underrepresentation), but it held that Petitioner failed to show that the underrpresentation was caused

by the jury selection process used by Kent County.  <u>See</u> <u>People v. Smith</u>, 463 Mich. 199, 203, 204

N.W.2d 1, 2 (2000).  The magistrate judge concluded that the Michigan Supreme Court's holding

does not constitute an unreasonable application of <u>Duren</u> because: (1) <u>Duren</u> does not specify an

approach for measuring underrepresentation and the Michigan Supreme Court's consideration of all

three tests applied by lower federal courts was proper; (2) the court correctly noted that the

disparities in Petitioner's case were far more modest than those in <u>Duren</u>; and (3) the court correctly

determined that, although the statistical occurrence of fewer African-Americans was not random,

Petitioner failed to present evidence that the disparity occurred because the jury selection process

itself caused the exclusion of the group.  (Report & Recommendation ("R & R") at 41.)  With regard

to the "systematic exclusion" prong, the magistrate judge noted that the Supreme Court nas never

held that a state is required to accommodate social and economic factors that could have affected the

racial makeup of Kent County juries.  (<u>Id.</u>)  The magistrate judge also observed that Petitioner's

evidence regarding the effect of the selection of district court juries before circuit court juries was

inconclusive because Petitioner failed to demonstrate that there were disparities in the proportion

of district court jurors drawn in the Grand Rapids district court as compared to the other district

courts within the circuit and that the alternative explanation (which did not constitute systematic exclusion) was not the likely cause for the statistical disparities.

Petitioner contends that the magistrate judge's conclusion on this issue was erroneous for several reasons. The Court finds none of these arguments persuasive. First, as the magistrate judge observed, the Michigan Supreme Court correctly observed that while Petitioner's proof satisfied any durational requirement from <u>Duren</u>, the disparities at issue in <u>Duren</u> were much greater than those at issue in Petitioner's case, and nothing in <u>Duren</u> indicates that the disparities in the instant case are so significant that the percentage of African-Americans in the juror pool was not "reasonably representative" of the community. Second, although Petitioner contends that the state court should not have used the "absolute disparity test," the magistrate judge correctly observed that the state court considered all three of the tests applied by lower federal courts – not merely the "absolute disparity test" – and doing so did not constitute an unreasonable application of <u>Duren</u> because the Supreme Court has not held that courts should use a specific method for determining underrepresentation. Third, the magistrate judge correctly determined that the state court's conclusion that Petitioner failed to show that any underrepresentation was systematic was not unreasonable.[1] Although Petitioner's witnesses testified that the statistical occurrence of fewer African-Americans was not random, Petitioner's own evidence showed that social and economic factors unrelated to Kent County's jury selection process provided another possible explanation.

_____

[1]Petitioner argues that the magistrate judge improperly relied upon <u>Polk v. Hunt</u>, No. 95-5323, 1996 WL 47110 (6th Cir. Feb. 5, 1996), because it is an unpublished decision and because the opinion conflicts with <u>Duren</u> because it holds that intent to discriminate is required to show systematic underrepresentation, whereas <u>Duren</u> imposes no such requirement. Regardless of <u>Polk</u>'s language, it is quite apparent to the Court that the magistrate judge cited <u>Polk</u>, along with several other cases, as support only for the proposition that states are not required to take into account factors not inherent in the jury selection system itself.

Moreover, Petitioner failed to show whether or how the alleged siphoning of African-American jurors affected the circuit court jury pool.

## II.    Exclusion of Evidence of Police Threat

Petitioner contends that the magistrate judge erred in concluding that procedural default bars review of this issue and that the state court's determination that Petitioner was not deprived of his right to present a defense in violation of the Confrontation Claus was not an unreasonable application of established Supreme Court precedent. Contrary to Petitioner's suggestion, the magistrate judge did not apply the bar of procedural default but instead addressed the issue on the merits. Moreover, the Court agrees with the magistrate judge that the state court's determination on the merits was reasonable. As the magistrate judge noted, the limitation of Petitioner's questioning of Katherine Brown was rooted in basic evidentiary rules regarding hearsay testimony, and Petitioner was afforded the opportunity to argue Katherine Brown's bias and lack of credibility through Katherine Brown's own testimony and the testimony of Detective Lyzenga.

## III.   Improper Exclusion of Evidence – Robert Glass Admission

The magistrate judge concluded that the state court's exclusion of witness John Dent's testimony that "Yankee" (Robert Glass) admitted to Dent that he (Yankee) committed the shooting at So-So's was not an unreasonable application of established Supreme Court precedent. In particular, the magistrate judge noted that the circumstances in Petitioner's case were sufficiently different from those in Chambers v. Mississippi, 410 U.S. 284, 93 S. Ct. 1038 (1973), that the state court's exclusion of Dent's testimony was not unreasonable. The differentiating circumstances were: (1) Chambers and the other cited Supreme Court cases involved the wholesale exclusion of an entire category of evidence or witnesses under state evidentiary rules, whereas the Michigan evidentiary rule in this case provided a hearsay exception for statements against penal interest supported by

4

circumstances indicating trustworthiness of the statement; (2) Glass' alleged admission (to Dent) that he (Glass) lured the victim outside of So-So's and shot him was at odds with all of the other evidence, which showed that shooting occurred inside the bar; and (3) Glass allegedly made the confession while Petitioner was present, thus undermining a finding of spontaneity.  Contrary to Petitioner's argument, the magistrate judge did not hold that Chambers is no longer the law, (R & R at 48 (noting that "*Chambers* and its progeny unquestionably remain 'the law'"), but instead he observed that subsequent Supreme Court decisions have recognized that Chambers should only be applied in limited circumstances.  See United States v. Scheffer, 523 U.S. 303, 316, 118 S. Ct. 1261, 1268 (1998) ("*Chambers* therefore does not stand for the proposition that the defendant is denied a fair opportunity to defend himself whenever a state or federal rule excludes favorable evidence.").  In fact, the Court in Chambers was careful to note that it did not intend its holding to "signal any diminution in the respect traditionally accorded to the States in the establishment and implementation of their own criminal trial rules and procedures" and that its holding was limited to the facts and circumstances of the case.  Chambers, 410 U.S. at 302-03, 93 S. Ct. at 1049.  As the magistrate judge concluded, the state court's determination was not unreasonable because unlike Chambers, the circumstances of this case suggested a lack of trustworthiness.  Moreover, as the Michigan Court of Appeals noted, Petitioner was not foreclosed from presenting his defense because Glass testified at trial and was subject to cross-examination by Petitioner.

## IV.    Prosecutorial Misconduct – Questioning of Witnesses

The magistrate judge concluded that this issue was procedurally defaulted because Petitioner failed to preserve the alleged errors at trial by objecting and Petitioner did not attempt to demonstrate cause for the procedural default.  Nonetheless, the magistrate judge found that the claim was without merit because the prosecutor's comment did not constitute improper testimony, but instead referred

to earlier statements made by the witness (Latonia Thrash) during the course of her testimony. Petitioner contends that the magistrate judge and the Michigan Court of Appeals unreasonably found that defense counsel failed to object with regard to Thrash's testimony.  Petitioner contends that on the merits, the magistrate judge unreasonably determined that the prosecutor's questioning of Thrash concerned Thrash's prior testimony because the prosecutor actually questioned Thrash about comments she made in a private conversation with the prosecutor.  Finally, Petitioner argues that the magistrate judge completely failed to discuss the merits of the issue regarding the prosecutor's questioning of witness Ernest Watson.  Even if Petitioner's claim were not procedurally defaulted, Petitioner failed to demonstrate that the prosecutor acted improperly.  The prosecutor was merely asking both witnesses about their prior out-of-court statements for purposes of impeachment.  The prosecutor asked the witnesses about their prior statements and gave them an opportunity to deny or explain their prior statements.  Petitioner has failed to show that the prosecutor's questioning denied him a fair trial.

**V.      Improper Use of Grand Jury Testimony**

The magistrate judge concluded that this issue is procedurally defaulted because Petitioner failed to object to the evidence at trial and he failed to demonstrate cause for the procedural default. Petitioner asserts that the magistrate judge erred because the Michigan Court of Appeals actually considered the issue on the merits.  Even so, the magistrate judge was correct in noting that Petitioner failed to demonstrate a fundamental miscarriage of justice.  As the Michigan Court of Appeals observed, although Glass testified that he did not see Petitioner with a gun that night, other witnesses testified that they saw Petitioner with a gun either immediately before, during, or after the shooting, and Petitioner had the opportunity to cross-examine Glass regarding his grand jury testimony.

**VI.      Improper Exclusion of Evidence – Testimony About Witness Position**

Petitioner contends that the magistrate judge erred in concluding that this ground should be rejected.  Petitioner contends that he should have been permitted to question Leonora Jones about the location of her brother, Anthony Hardin, at the time of the shooting and his ability to see the shooter re-enter the bar and fire additional shots into the air.  Petitioner contends that questioning Jones on that issue would have allowed the jury to assess Hardin's truthfulness and to point out an inconsistency between Hardin's testimony and Jones' testimony.  However, as the magistrate judge noted, such testimony would have been speculative because Jones testified that she did not see her brother because he was behind her.  Moreover, Petitioner extensively cross-examined both Jones and Hardin regarding the circumstances of the shooting and could have established any inconsistencies through Hardin's testimony as well as through the testimony of other witnesses.

**VII.     Confrontation Clause – Police Officer Testimony**

With regard to Petitioner's claim of improper admission of police officer testimony, the magistrate judge concluded that the claim is procedurally defaulted and that Petitioner did not demonstrate cause, or, in the alternative, Petitioner's rights under the Confrontation Clause were not violated because some of the police officer testimony was not hearsay and, as for the other testimony, the witnesses who made the out-of-court statements testified at trial and were subject to cross-examination.  The Court has reviewed Petitioner's objection regarding this issue and is not persuaded that the magistrate judge erred in his conclusion.

**VIII.   Prosecutorial Misconduct – Improper Argument**

The magistrate judge concluded that the Michigan Court of Appeals' conclusion that the prosecutor's remarks in his closing statement regarding witnesses' fear of Petitioner and their courage to identify him as the shooter did not deprive Petitioner of a fair trial was not an

unreasonable application of the factors identified by the Supreme Court in <u>Darden v. Wainwright</u>, 477 U.S. 168, 106 S. Ct. 2464 (1986).  The magistrate judge concluded that the state court's conclusion was not unreasonable because the prosecutor's argument was supported by evidence and reasonable inferences that could be drawn from the evidence and the prosecutor's comments were not continuous but occurred over a brief period during closing arguments.  The magistrate judge also noted that the trial judge reminded the jurors that they should consider only the evidence presented at trial and should avoid speculation regarding evidence that was not presented to the jury. Although, as Petitioner notes, only one or two of the prosecution's many witnesses testified about being scared of Petitioner, in light of the isolated nature of the prosecutor's comments and the trial court's instruction to the jury, the Court agrees with the magistrate judge that the state court's conclusion was not unreasonable.

## IX.   Unconstitutionally Suggestive Lineup

The magistrate judge recommended that this claim be rejected because Petitioner failed to demonstrate by clear and convincing evidence that the state courts' factual findings regarding the suggestiveness of the lineup were error and because Petitioner failed to demonstrate that the Michigan Court of Appeals' determinations were objectively unreasonable.  Petitioner's primary argument is that the county defender's testimony regarding the suggestiveness of the lineup was uncontradicted and that Petitioner differed from the other lineup participants in several respects. However, the Michigan Court of Appeals determined from the photograph of the lineup that Petitioner was sufficiently similar to the other participants to prevent a suggestive identification. This finding is supported by the fact that only three out of twelve witnesses picked Petitioner out of the lineup.  Furthermore, the Court rejects' Petitioner's argument that the assistant prosecutor's question to the witnesses was unduly suggestive.

## X.      Improper Reference to Jail

The magistrate judge concluded that this claim should be rejected as procedurally defaulted and that Petitioner failed to show cause or prejudice for the default.  He also noted that Petitioner was not harmed by testimony that he had been in jail because Petitioner himself testified about the incarceration.  Petitioner concedes in his objection that this claim is procedurally defaulted, and he fails to identify any good reason why this Court should disregard the procedural bar.

## XI.     Ineffective Assistance of Trial Counsel

Petitioner does not take issue with the magistrate judge's findings and conclusions on this claim.  He argues, however, that he is entitled to an evidentiary hearing on this claim.  The Court disagrees, because as the magistrate judge noted, the factual predicate for Petitioner's claim is already apparent on the record.  Moreover, Petitioner fails to explain how an evidentiary hearing would have furthered his argument.

## XII.    Ineffective Assistance of Counsel at Sentencing

The magistrate judge concluded that the decision on the Michigan Court of Appeals was reasonable because Petitioner failed to show that his counsel's performance at sentencing fell below an objective standard of reasonableness and that Petitioner was prejudiced by counsel's deficient performance.  More specifically, he noted that the Michigan Court of Appeals noted that Petitioner failed to identify any mitigating information that his counsel failed to bring to the trial court's attention during the sentencing, and that Petitioner did not contradict his counsel's representation to the court that he and Petitioner reviewed the presentence investigation report, although Petitioner had sufficient opportunity to bring that fact to the trial court's attention.  Petitioner has not shown that the state court's decision constituted an unreasonable application of Supreme Court precedent, including Strickland v. Washington, 466 U.S. 668 (1984).

Accordingly, the Court rejects Petitioner's objections and will adopt the magistrate judge's report and recommendation.

An Order consistent with this Opinion will be entered.


Dated: February 23, 2006                              _____/s/ Gordon J. Quist_____
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE