UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAPOLIS SMITH,

       Petitioner,

v.

Case No. 1:03-cv-87
Hon. Gordon J. Quist

MARY BERGHUIS,

       Respondent.
                                /

## REPORT AND RECOMMENDATION

This matter is now before the court on petitioner's motion for release on bond (docket no. 56). Petitioner was convicted of second degree murder and felony possession of a firearm, and sentenced to life imprisonment in the Kent County Circuit Court. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this court denied on February 23, 2006. *See* docket no. 48. Petitioner appealed, and on September 24, 2008, the Sixth Circuit Court of Appeals reversed this court's judgment with respect to petitioner's claim that his jury was not drawn from a fair cross-section of the community. *Smith v. Berghuis*, 543 F.3d 326, 345 (6th Cir. 2008). The Sixth Circuit remanded the case "with instructions that the district court order Smith's release from state custody unless the state of Michigan commences a new trial within 180 days of this order." *Id.* The Sixth Circuit denied respondent's petition for an en banc rehearing. *Smith v. Berghuis*, 06-1463 (6th Cir. Feb. 9, 2009). However, the matter remains pending before the Sixth Circuit, which entered an order to stay the issuance of the mandate on February 24, 2009.

Petitioner brings this motion pursuant to Fed. R. App. P. 23(c), which provides as follows:

> While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Petitioner contends that Fed. R. App. P. 23(c), with its presumption for release on personal recognizance, applies to him because the Sixth Circuit Court of Appeals entered an order reversing and remanding this matter to the district court. The court disagrees. Fed. R. App. P. 23(c) applies to those appeals involving a district court's order *granting* a writ of habeas corpus. *See Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) (Fed. R. App. P. 23(c) creates a presumption of release from custody in cases involving the state's appeal of the district court's order granting relief to a habeas petitioner).

In the present case, however, the district court *denied* the habeas petition. Accordingly, petitioner's eligibility for release on bond is determined pursuant to Fed. R. App. P. 23(b), which provides as follows:

> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> (1) detained in the custody from which release is sought;
>
> (2) detained in other appropriate custody; or
>
> (3) released on personal recognizance, with or without surety.

Fed. R. App. P. 23(b).

A request for release on bond pursuant to Fed. R. App. P. 23(b) requires a more stringent showing than a request pursuant to Fed. R. App. P. 23(c):

> At the outset, it is necessary to distinguish between bail pending the district court's review of a petition for habeas relief and bail pending review by an appellate court of an order of the district court granting a writ of habeas corpus. The latter case is governed by Rule 23(c) of the Federal Rules of Appellate Procedure.

2

> [footnote omitted] In *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the Supreme Court held that when a writ has issued, the court has discretion to release the prisoner using "the traditional standards governing stays of civil judgments," *id.* at 774, 107 S.Ct. at 2118, such as likelihood of success on the merits, irreparable injury, injury to other parties, and the public interest. *Id.* at 776, 107 S.Ct. at 2119.
>
> On the other hand, when bail is sought by a prisoner who has been convicted in either state or federal court and the district court has denied the collateral relief sought, the standard for bail is, of course, more stringent.

*Landano v. Rafferty*, 970 F.2d 1230, 1238 (3rd Cir. 1992).

When a habeas petitioner has been tried, convicted and sentenced, he must show that special reasons for bail exist. *Aronson v. May*, 85 S.Ct. 3, 5 (1964). "[I]n addition to there being substantial questions presented on appeal, there is some circumstance making this application exceptional and deserving of special treatment." *Id. See also, United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (under Fed. R. App. P. 23, bail is reserved for extraordinary cases involving special circumstances such as a serious detention of health while incarcerated or an unusual delay in the appeal process, or a high probability of success). Petitioner presents no special circumstances in this case that makes his application exceptional. The Sixth Circuit's decision did not result in an outright release of petitioner, but rather remanded this matter for a new trial. The Sixth Circuit's opinion did not address the merits of the government's case against petitioner or whether he would have a high probability of success at a new trial.

Accordingly, I respectfully recommend that petitioner's motion for release on bond (docket no. 56) be **DENIED**.


Dated:  March 11, 2009                                         /s/ Hugh W. Brenneman, Jr.
                                                               HUGH W. BRENNEMAN, JR.
                                                               United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).