UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DIAPOLIS SMITH,

       Petitioner,

v.                                                                                    Case No. 1:03-CV-87

MARY BERGHUIS,                                                    HON. GORDON J. QUIST

       Respondent.
_____/

**OPINION**

      Petitioner, Diapolis Smith, filed his petition for writ of habeas corpus on February 5, 2003, asserting twelve grounds for relief from his state court convictions for second degree murder and possession of a firearm during the commission of a felony and related sentences. On November 4, 2005, the magistrate judge issued a report and recommendation recommending that Petitioner's petition be denied. This Court adopted that recommendation in an Opinion and separate Order entered on February 23, 2006. Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, which reversed this Court's judgment with respect to Petitioner's claim that his jury was not drawn from a fair cross-section of the community. *Smith v. Berghuis*, 543 F.3d 326, 345 (6th Cir. 2008). The Sixth Circuit remanded the case "with instructions that the district court order Smith's release from state custody unless the state of Michigan commences a new trial within 180 days of this order." *Id.*

      On February 9, 2009, the Sixth Circuit denied Respondent's motion for petition for rehearing and rehearing en banc. However, on February 24, 2009, the Sixth Circuit granted Respondent's

motion to stay the mandate pending a petition for certiorari by Respondent to the United States Supreme Court.

Petitioner filed a motion for bond on November 24, 2008, and the Court referred the motion to Magistrate Judge Brenneman pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge issued his report and recommendation on March 11, 2009, in which he recommended that the Court deny Petitioner's motion. In particular, the magistrate judge concluded that Petitioner's bond request is subject to the more stringent requirements of Fed. R. App. P. 23(b) rather than Fed. R. App. P. 23(c). The magistrate judge further concluded that Petitioner failed to show that special circumstances exist to support release on bond under Rule 23(b).

Petitioner timely filed objections to the magistrate judge's report and recommendation. In addition, Respondent filed a reply to the objections, and Petitioner filed a reply to Respondent's reply. After conducting a *de novo* review of Petitioner's objections and the report and recommendation, the Court concludes that the magistrate judge's recommendation to deny Petitioner's motion should be adopted, but upon different grounds than those set forth in the report and recommendation.

The Court turns first to the issue Respondent raises in her reply to Petitioner's objections. Respondent argues that in his motion and objections Petitioner fails to account for the Sixth Circuit's stay of the mandate. In other words, Respondent argues, the Sixth Circuit's decision to stay its mandate resolves the issue of release on bond. As support, Petitioner cites the Supreme Court's observation in *Hilton v. Braunskill* 481 U.S. 770, 107 S. Ct. 2113 (1987), that the Court's practice in habeas cases of following the general standards for staying a civil judgment "reflects the common-sense notion that a court's denial of [release] to a successful habeas petitioner pending review of the order granting habeas relief has the same effect as the court's issuance of a stay of that

order." *Id.* at 775-76, 107 S. Ct. at 2119. Respondent argues that the converse must be true – that the issuance of a stay has the effect of denying a motion for bond.

Respondent's argument fails because a stay of a conditional order requiring the state to either retry the petitioner within a certain period or release the petitioner does not necessarily preclude release on bond. In fact, a number of courts have recognized that while a stay may be a proper means of relieving the state of the burden of retrying a petitioner while simultaneously seeking review of the order granting habeas relief, a stay does not preclude a release on bond. *See, e.g., Woodfox v. Cain*, No. 06-789-JJB, 2008 WL 5095995, at *2 (M.D. La. Nov. 25, 2008) (considering release of the petitioner on bond while also considering a stay of the court's order requiring retrial within 120 days to "avoid any waste of resources that would occur if the State had to appeal and prepare for trial at the same time"); *Smith v. Jones*, No. 05-CV-72971, 2007 WL 3408552, at *4 (E.D. Mich. Nov. 15, 2007) (staying the order conditionally granting the writ and granting the petitioner's motion for release on bond); *Grube v. Blades*, No. CV-01-357-S-BLW, 2006 WL 516753, at *1 (D. Idaho Feb. 28, 2006) ("The Court has the option of releasing the prisoner but staying the retrial provision of the Order pending appeal.").

Turning to Petitioner's objections, Petitioner contends that the magistrate judge erred in concluding that his motion should be considered under Federal Rule of Appellate Procedure 23(b) instead of 23(c). Those rules provide:

> **(b) Detention or Release Pending Review of Decision Not to Release.**
> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> > **(1)** detained in the custody from which release is sought;
> > **(2)** detained in other appropriate custody; or
> > **(3)** released on personal recognizance, with or without surety.

> **(c) Release Pending Review of Decision Ordering Release**. While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(b), (c).

Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases." *Hilton,*, 481 at 774, 107 S. Ct. at 2118. On the other hand, as the magistrate judge correctly noted, Rule 23(b) requires a more stringent showing than Rule 23(c). *Landano v. Rafferty*, 970 F.2d 1230, 1238 (3d Cir. 1992). Petitioner argues that Rule 23(c) applies to his motion because the Sixth Circuit has entered an a conditional order for release. The magistrate judge rejected this argument and concluded that Rule 23(b) applies because Rule 23(c) applies to an appeal of a district court's order granting a writ of habeas corpus, whereas this case involves an appeal of a district court's order denying a writ of habeas corpus.

Petitioner continues to assert that in light of the Sixth Circuit's order, Rule 23(c) applies. Other than *Walberg v. Israel*, 776 F.2d 134 (7th Cir. 1985), which Petitioner cites, the Court has found no case addressing the precise issue of whether Fed. R. App. P. 23(b) or Rule 23(c) applies in these circumstances. In *Walberg*, as in the instant case, the Seventh Circuit reversed the district court's order denying the petitioner's habeas petition. The Seventh Circuit then analyzed the petitioner's motion for release on bond under Rule 23(c). Petitioner contends that *Walberg* held that Rule 23(c) applies and that the case is directly on point. Neither assertion is entirely accurate. Although the *Walberg* court did consider whether release would be appropriate under Rule 23(c), *see id.* at 136, the court also observed that "[i]t would seem though to make no practical difference whether we say that this circumstance brings the case within the orbit of Rule 23(b), because we have not, realistically speaking, ordered Walberg's release, or to say that it rebuts the presumption

4

in Rule 23(c)." *Id.* Apart from the lack of clarity in *Walberg* about whether Rule 23(c) applies in this situation, as Petitioner argues, the notable distinction between *Walberg* and the instant case is that in *Walberg* the petitioner filed his application for release on bail in the court of appeals, whereas in this case Petitioner moved for release on bond in the district court.

If Petitioner is correct that Rule 23(c) applies, and *Walberg* at least suggests that he might be, the plain language of Rule 23(c) requires that he seek release on bond in "the court . . . rendering the decision," which in this case is the Sixth Circuit. This conclusion is consistent with *Walberg*. Moreover, because the Sixth Circuit, as in *Walberg*, issued the stay, and the issue of a stay is closely tied to release on bond, Petitioner should seek relief from the Sixth Circuit.

In sum, the Court concludes that Rule 23(c) applies to Petitioner's motion for release on bond, but that Petitioner must seek relief from the court of appeals. Therefore, Petitioner's motion for release on bond will be denied.

An Order consistent with this Opinion will be entered.


Dated: May 11, 2009                               /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE